O

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| KIM MARIE PACE-WHITE, | ) | NO. EDCV 15-00461-SJO (MAN) |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER: DISMISSING PETITION AS |
| | ) | SECOND OR SUCCESSIVE; DENYING |
| DEBRA K. JOHNSON, | ) | A CERTIFICATE OF APPEALABILITY; |
| | ) | AND REFERRING PETITION TO NINTH |
| Respondent. | ) | CIRCUIT PURSUANT TO NINTH CIRCUIT |
| | ) | RULE 22-3(a) |

On March 10, 2015, Petitioner filed a habeas petition, pursuant to 28 U.S.C. § 2254 ("Petition"), in this District. The Petition stems from Petitioner's San Bernardino County Superior Court conviction and sentence sustained in 2000, in Case No. FMB023539 (the "State Conviction"). Petitioner has filed numerous prior Section 2254 petitions challenging the State Conviction.

Under the Rules Governing Section 2254 Cases in the United States District Courts, a habeas petition filed by a prisoner in state custody "must" be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, 28 U.S.C. foll. § 2254. For the reasons set forth below, the Petition must be, and is, DISMISSED as second or successive, pursuant to 28 U.S.C. § 2244(b) and Rule 4.

**BACKGROUND**

On June 6, 2003, Petitioner filed a Section 2254 habeas petition in this district in Case No. EDCV 03-00646-SJO (AN) (the "Prior Action"),[1] which raised five claims challenging the State Conviction.  On October 20, 2004, Judgment was entered denying the Prior Action petition on its merits and dismissing the case with prejudice.  Petitioner appealed, and on February 22, 2005, the Ninth Circuit denied a certificate of appealability.

Thereafter, Petitioner filed at least six Section 2254 petitions in this District that have been dismissed without prejudice on the ground that they were unauthorized second or successive petitions.  *See* Case Nos.:  EDCV 09-01143-SJO (AN) (dismissed July 10, 2009); EDCV 09-01145-SJO (AN) (dismissed July 10, 2009)[2]; EDCV 11-01424-SJO (AN) (dismissed October 3, 2011); EDCV 13-00293-SJO (AN) (dismissed June 3, 2013); EDCV 14-01025-SJO (AN) (dismissed May 29, 2014); and EDCV 14-01101-SJO (AN) (dismissed June 10, 2014).

The instant Petition also challenges the State Conviction.  The Petition raises a jumbled hodgepodge of claims, including allegations of violations of the Uniform Criminal Extradition Act, due process violations based on counsel's failure to take certain actions, violations of *Miranda* rights, *Brady* violations, ineffective assistance of counsel, violations of Petitioner's compulsory process and self-incrimination rights,  and irregularities related to evidence.

---

[1]     Pursuant to Rule 201 of the Federal Rules of Evidence, the Court takes judicial notice of the records and files from Petitioner's prior actions in this District and the United States Court of Appeals for the Ninth Circuit.  The Court notes that Petitioner filed an earlier Section 2254 petition on March 21, 2003, in Case No. EDCV 03-00324-SJO (AN).  That petition was dismissed without prejudice on April 11, 2003, for lack of exhaustion.

[2]     Petitioner appealed the dismissal of the EDCV 09-01143-SJO (AN) action, but her appeal was dismissed as untimely on August 10, 2010.  In March 2010, Petitioner filed an application in the Ninth Circuit seeking leave to file a second or successive petition.  On May 18, 2010, the Ninth Circuit denied that application.

The Ninth Circuit's dockets show that Petitioner has not filed any application, other than her March 2010 application, seeking leave to raise any claims through a second or successive Section 2254 petition.

## DISCUSSION

State habeas petitioners generally may file only one federal habeas petition challenging a particular state conviction and/or sentence. *See, e.g.,* 28 U.S.C. § 2244(b)(1) (courts must dismiss a claim presented in a second or successive petition when that claim was presented in a prior petition) and § 2244(b)(2) (with several exceptions not applicable here, courts must dismiss a claim presented in a second or successive petition when that claim was not presented in a prior petition). "A habeas petition is second or successive . . . if it raises claims that were or could have been adjudicated on the merits" in an earlier Section 2254 petition. <u>McNabb v. Yates</u>, 576 F.3d 1028, 1029 (9th Cir. 2009).

Even when Section 2244(b) provides a basis for pursuing a second or successive Section 2254 habeas petition, state habeas petitioners seeking relief in this district court must ***first*** obtain authorization from the Ninth Circuit before filing any such second or successive petition. 28 U.S.C. § 2244(b)(3). The Ninth Circuit "may authorize the filing of the second or successive [petition] only if it presents a claim not previously raised that satisfies one of the two grounds articulated in § 2242(b)(2)." <u>Burton v. Stewart</u>, 127 S. Ct. 793, 796 (2007).

In the Prior Action, Petitioner sought Section 2254 relief based on the State Conviction at issue here. The Prior Action petition was denied on its merits and dismissed with prejudice. Accordingly, the current Petition is second or successive within the meaning of Section 2244(b).

While it appears that the claims alleged in the Petition could have been raised in the Prior Action, whether or not the claims alleged in the Petition may, as a *prima facie* matter, satisfy the

3

requisites of 28 U.S.C. § 2244(b)(2) is a question that must be presented to and resolved by the Ninth Circuit, not this District Court.  Petitioner, however, has not sought or obtained permission from the Ninth Circuit to bring a second or successive Section 2254 petition raising the claims alleged in the instant Petition.  This Court thus lacks jurisdiction to consider the Petition.  28 U.S.C. § 2244(b); *see also* Burton, 127 S. Ct. at 799 (district court lacks jurisdiction to consider the merits of a second or successive petition absent prior authorization from the circuit court).

Accordingly, IT IS ORDERED that:  the Petition is DISMISSED; and Judgment shall be entered dismissing this action without prejudice.

In addition, pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, the Court has considered whether a certificate of appealability is warranted in this case.  *See* 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 484-85, 120 S. Ct. 1595, 1604 (2000).  The Court concludes that a certificate of appealability is unwarranted, and thus, a certificate of appealability is DENIED.

IT IS FURTHER ORDERED that the Clerk of the Court shall refer the Petition to the Ninth Circuit pursuant to Ninth Circuit Rule 22–3(a).

IT IS SO ORDERED.

DATED: March 26, 2015.

S. James Otero

_____
S. JAMES OTERO
UNITED STATES DISTRICT JUDGE

SUBMITTED BY:

Margaret A. Nagle

_____
MARGARET A. NAGLE
UNITED STATES MAGISTRATE JUDGE

4